<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ARSENIO ARZOLA, | : | |
| | : | Civil Action No. 12-3888 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Respondent. | : | |

**WIGENTON**, District Judge

Before the Court is Petitioner Arsenio Arzola's ("Petitioner" or "Arzola") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Motion"). The Government filed an Answer to Petitioner's Motion on April 4, 2013. (ECF No. 9.) For the reasons stated below, this Court DENIES Petitioner's Motion and DECLINES to issue a certificate of appealability.

### <u>FACTUAL AND PROCEDURAL HISTORY</u>

On October 26, 2005, a criminal complaint was filed in the United States District Court for the District Court of New Jersey, under No. 2:05-mj-7142-ES-1, charging Arzola and six others (Benjamin Arzola, Misael Arzola, Domingo Hernandez, Maximino Nieves, Jose Reyes, and Ruben Soto) with conspiracy to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A) and 846. (ECF No. 9, Respondent's Answer at ¶ 1.) Thereafter, on March 29, 2007, a federal grand jury sitting in Newark, New Jersey, returned an eight-count Second Superseding Indictment ("Indictment") against Arzola and his six co-

conspirators.  Count One of the Indictment charged Arzola and the co-defendants with conspiracy to distribute more than five kilograms of cocaine, contrary to 21 U.S.C. §§ 841(a), 841(b)(1)(A)(ii) and 846.[1]  Count Two of the Indictment charged Arzola with assaulting a police officer in the performance of his duties in violation of 18 U.S.C. §§ 111(a)(1) and (b) and 2.  Counts Three and Four charged Arzola with possession of a firearm in furtherance of a crime of violence and in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2.  Finally, under Count Seven, Arzola was charged as a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  (*Id*. at ¶ 2.)

Prior to the issuance of the Second Superseding Indictment, on March 14, 2007, the Assistant U.S. Attorney, Dennis C. Carletta, memorialized a plea offer to Petitioner and all co-defendants in a 3-page letter.  (ECF No. 1-2, Exhibit A to § 2255 Motion.)  Plaintiff rejected the offer.  (ECF No. 9, Answer at 7, n 5.)

On October 26, 2007, after a trial before this Court and a jury, Arzola was convicted on Counts One, Four and Seven of the Indictment.  Counts Two and Three were dismissed by the Government on July 21, 2008 because a jury could not reach a unanimous verdict.  (*Id*. at ¶ 3 and fn 2.)  On July 30, 2008, this Court sentenced Arzola to an aggregate prison term of 382 months (262 months in prison with 5 years supervised release on Count One; a consecutive 120 months

---

[1] The defendants were alleged to have obtained cocaine from one another and others, and to have distributed cocaine to one another and others throughout Essex and Hudson Counties, in New Jersey and elsewhere, from October 1999 through June 30, 2005.  The defendants also were alleged to have stored narcotics and the proceeds from narcotics throughout Essex and Hudson Counties, and to have stored and used firearms to protect their narcotics trafficking activities.  Finally, the defendants were alleged to have used telephones and to have conducted personal meetings to discuss narcotics sales and the collection of narcotics proceeds.  *See Arzola-Berrios v. U.S.*, Civil No. 12-4204 (SDW), 2014 WL 2215924, *1 (D.N.J. May 29, 2014).

in prison with 5 years supervised release on Count Four; and 120 months in prison with 3 years supervised release on Count Seven to run concurrently with Count One).  (*Id*. at ¶ 3.)

The United States Court of Appeals for the Third Circuit affirmed Arzola's conviction and sentence on January 14, 2010.[2]  (*Id*. at ¶ 4.)  Arzola's petition for a writ of certiorari was denied by the Supreme Court on June 27, 2011.  *Arzola v. U.S.*, No. 10-9299, 131 S.Ct. 3060 (June 27, 2011).

Thereafter, Arzola filed this § 2255 motion on June 25, 2012.  (ECF No. 1.)  Arzola raises five claims in support of his Motion.  First, Arzola argues that his trial counsel was ineffective, in violation of the Sixth Amendment, for advising Arzola not to accept a plea agreement and for failing to inform Arzola that he could have entered an "open" guilty plea.  Second, Arzola contends that counsel's failure to inform him about an open plea deprived him of a three-level sentencing Guidelines adjustment for acceptance of responsibility.  Moreover, counsel was deficient in failing to request a reduction for acceptance of responsibility despite Arzola having admitted to drug dealing and firing a weapon.  Third, Arzola claims that trial counsel was ineffective for failing to argue that Arzola's prior drug offense did not have an intent element to satisfy a sentencing enhancement under 18 U.S.C. § 851.  Finally, Arzola argues that this Court erred when it used a non-qualifying felony to enhance Arzola's mandatory minimum sentence from ten years to twenty years. (ECF No. 1-1, Pet. Mem. Of Law at 2-10.)

The Government filed its answer on April 4, 2013, countering that Arzola's § 2255 motion lacks merit and should be denied.  (ECF No. 9, Answer.)  The Government contends that

---

[2] The Third Circuit affirmed the convictions and sentences with respect to Arzola's co-defendants in *United States v. Arzola*, 360 F. App'x 287, 2010 WL 125853 (3d Cir. Jan. 14, 2010), noting that the challenges to Arzola's conviction and sentence were resolved in a separate opinion, namely, *United States v. Arzola*, 361 F. App'x 309, 2009 WL 5437082 (3d Cir. Nov. 19, 2009), in which the Third Circuit affirmed Arzola's conviction.

Arzola's first claim is simply a "self-serving accusation" belied by the record and that Arzola fails to establish prejudice. Further, the remaining claims are factually inaccurate and legally insufficient. (*Id*. at 4.)

Arzola then filed his reply or traverse on May 3, 2013. (ECF No. 10.) On July 18, 2013, Petitioner requested leave to amend his § 2255 motion pursuant to Fed.R.Civ.P. 15(c)(1)(B). (ECF No. 12.) Arzola now asserts that this Court's penalty enhancement for discharging a firearm violated his Sixth Amendment right to a jury trial pursuant to the recent Supreme Court decision in *Alleyne v. United States*, --- U.S. ----, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

## **LEGAL STANDARD**

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b); *Liu v. United States*, No. 11–4646, --- F.Supp.2d ----, 2013 WL 4538293, at * 9 (D.N. J. Aug. 26, 2013) (Simandle, J.) (citing *Booth*, 432 F.3d at 545–46).

## **DISCUSSION**

A. <u>Ineffective Assistance of Counsel Claims</u>

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. VI. In order to succeed on his claims alleging ineffectiveness of counsel, Arzola must satisfy the two prong test of deficient performance and resulting prejudice as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See also Premo v. Moore*, --- U.S. ----, 131 S.Ct. 733, 739, 178 L.Ed.2d. 649 (2011) (holding that "[t]o establish ineffective assistance of counsel, a defendant must show both deficient performance by counsel and prejudice"). First, Arzola must show that his counsel's performance (viewed as of the time of counsel's conduct) was inadequate and "fell below an objective standard of reasonableness," in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." *Id*. at 687–688. Arzola must then show that the deficient performance prejudiced the defense. In other words, Arzola must prove that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. *See also Rainey v. Varner*, 603 F.3d 189, 197-98 (3d Cir. 2010).

The U.S. Supreme Court has reiterated that "[s]urmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial," the Supreme Court has admonished lower courts that the "*Strickland* standard must be applied with scrupulous care...." *Harrington v. Richter*, --- U.S. ----, ----, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011). "It is 'all too tempting' to 'second-guess counsel's

assistance after conviction or adverse sentence,'" however, "[t]he question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id*. at 788 (quoting *Strickland*, 466 U.S., at 690) (internal citations omitted). In order to pass the prejudice prong, Petitioner must show, with reasonable probability, that but for the counsel's professional incompetence, the outcome of the proceeding would have been different. *Strickland* 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." *Id*. at 693.

As stated above, Arzola must show both deficiency of performance and prejudice to prevail on an ineffective assistance of counsel claim under *Strickland*. Thus, given the interplay between *Strickland* and § 2255, if Petitioner shows both elements of *Strickland*, he satisfies the requirements of § 2255. *U.S. v. Travillion*, --- F.3d ----, 2014 WL 3029837, * 3 (3d Cir. Jul. 7, 2014). However, in a claim of ineffective assistance of counsel, which has both a deficiency and prejudice prong, the court may address the prejudice prong first "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Id*. at * 4 (citing *Strickland* 466 U.S. at 697).

1. *Ineffective Advice to Reject Plea Offer*

In his first claim, Arzola argues that his counsel was ineffective because he allegedly advised Arzola not to take the Government's plea offer. Arzola states that he was originally offered a plea of no less than 190 months, which Arzola wanted to accept. However, Arzola told counsel that the wording of the plea agreement needed to be revised because Arzola did not

intentionally shoot at a law enforcement officer.[3] Arzola contends that his counsel, Kevin Carlucci, Esq., informed Arzola that it would not be in his best interest to plead guilty because the presiding Judge, the undersigned, was "out to get him" after having handled Arzola's bond hearing as Magistrate Judge. At the bond hearing, Arzola states that this Court denied bail calling Arzola a "flight risk" and "menace to society." Accordingly, Arzola did not accept the plea offer from the Government. (ECF No. 1-1, Pet. Mem. of Law at 2-3.) Arzola now argues that he was prejudiced by counsel's "bad advice' because he rejected a plea offer of no less than 190 months and was ultimately sentenced to double that time, 382 months in prison.

The Supreme Court recently held that a defendant's Sixth Amendment right to counsel extends to the plea-bargaining process. *Missouri v. Frye*, --- U.S. ----, ----, 132 S.Ct. 1399, 1407–08, 182 L.Ed.2d 379 (2012). Thus, a defendant is plainly entitled to the effective assistance of counsel during plea negotiations. *Lafler v. Cooper*, --- U.S. ----, ----, 132 S.Ct. 1376, 1384, 182 L.Ed.2d 398 (2012). In *Cooper*, the Supreme Court held that, in a case where counsel's deficient advice led to a rejection of a plea offer, and the prejudice is having to stand trial, the defendant must show that, but for the deficient advice, there is a reasonable probability that the plea offer would have been accepted and presented to the court, and that the court would have accepted the plea terms and the resulting conviction and sentence would have been less severe than the sentence actually imposed. 132 S.Ct. at 1383-84. The Court found that Cooper was prejudiced by counsel's deficiency in advising him to reject the plea offer and go to trial. *Id*. at 1390-91.

---

[3] Arzola relates the story that, in 2005, his girlfriend had been the victim of a home invasion by assailants wearing clothing resembling the uniforms of the Drug Enforcement Agency ("DEA") and Jersey City Police Department. Consequently, when law enforcement officials arrived at Arzola's residence on June 30, 2005 to execute search and arrest warrants related to the drug dealing offenses at issue in this matter, Arzola thought it was another home invasion and fired shots to ward off the assailants. Arzola states that as soon as he realized it was the police, he put down his gun. (ECF No. 1-1, Pet. Mem. of Law at 2-3.)

The Government argues that Arzola is not entitled to relief or an evidentiary hearing on this claim because Arzola's allegations are frivolous and unsupported by the record of the case. This Court agrees.

First, Arzola admits that he rejected the plea offer because he would not allocute to intentionally shooting at law enforcement officers. (ECF No. 1-1, Pet. Mem. of Law at 3.) This admission belies his contention that he was willing to plead guilty but was advised by counsel not to do so. Moreover, Arzola's refusal to admit the § 924(c) shooting offense served as a rejection of the entire plea offer.

Second, the March 14, 2007 plea offer, as referenced by Arzola in his motion at Exhibit A, was a global plea offer requiring that either all of the co-defendants accept the plea or no one would be offered an individual plea agreement. At the meeting where the global offer was presented to all defendants and their counsel, defense counsel informed the Government that none of the defendants wished to accept the global plea offer. (ECF No. 9, Answer at 7, fn 5.) Consequently, it is irrelevant if Carlucci told Arzola to reject the offer because none of the other defendants accepted the offer. Therefore, no individual plea agreement could be made between Arzola and the Government even if Arzola had wanted to do so.

The Government also emphasizes the incredulous allegations by Arzola as self-serving and dubious in light of the factual record. For instance, Arzola's story about the home invasion in which his girlfriend was a victim is plainly contradicted by Arzola himself in his own *pro se* submissions during pretrial in his criminal case. Specifically, documents submitted on November 13, 2006 and August 17, 2007, in support of motions to dismiss the indictment and to suppress evidence, Arzola depicts a completely different account of the shooting incident. In these documents, Arzola relates that his home had been burglarized a few months before the

8

police raided his place pursuant to search and arrest warrants. To prevent future burglaries or harm to his children, Arzola had installed a security gate and alarm system. When the police raid began, Arzola claims he was roused from his sleep from the alarm and screaming, and being "[s]omnambulist and distraught," he instinctively fired his gun to ward off the intruders. (ECF Nos. 9-1, 9-2.)

Both versions of the events by Arzola are inconsistent and unsupported by any evidence. These versions also show that Arzola was not willing to accept responsibility for discharging a firearm in the direction of a law enforcement officer, which was a necessary term of the Government's plea offer, and thus, he would not have agreed to the terms of the plea agreement irrespective of his counsel's advice. Accordingly, this Court concludes that Arzola's arguments are baseless and disingenuous, and he is not entitled to relief or an evidentiary hearing on such a frivolous claim.

2. *Failure to Inform as to "Open" Plea.*

Arzola further argues that Carlucci was ineffective because he never informed Arzola that he could enter an "open" plea, which could have resulted in a 3-point reduction in Arzola's offense level under U.S.S.G. § 3E1.1 for "acceptance of responsibility." Arzola simply contends that he would have entered an "open" plea rather than go to trial because he had never denied selling drugs or firing at the law enforcement officers. Relying on *Booth*, *supra*, Arzola maintains that he is entitled to an evidentiary hearing.

The Third Circuit has held that, in certain circumstances, a habeas petitioner states a plausible claim for ineffective assistance of counsel when he asserts that his counsel failed to advise of the possibility of entering an open plea, which would have reduced his sentence. *Booth*, 432 F.3d at 549. In *Booth*, the defendant rejected a plea offer from the Government and

9

countered with a different offer. *Id*. at 544. The Government declined the counteroffer and informed Booth's counsel that it would only allow Booth to plead if he "would give a proffer concerning his own culpability and the criminal involvement of any other participants" in the crime. *Id*. Because Booth did not want to cooperate against any of the other defendants, negotiations broke down, he proceeded to trial, and he was sentenced to 90 months in prison. *Id*. After exhausting his appeals, Booth filed a § 2255 petition, alleging his counsel was ineffective, because he was not informed about all possible plea options, including an "open plea," which would not have required Booth to cooperate with the government. *Id*. at 543. The district court denied the motion without holding a hearing, but the Third Circuit reversed, concluding that "a defendant has the right to make a reasonably informed decision whether to accept a plea offer" and that Booth raised a sufficient allegation that he would have accepted an "open plea" and was entitled to an evidentiary hearing on the merits. *Id*. at 545, 549. The Third Circuit stated: "We must accept that Booth would have truthfully admitted the conduct comprising counts one and two and any additional relevant conduct" and the court found that Booth likely would have received a reduction in sentence for accepting responsibility. *Id*. at 548–49. The Third Circuit ordered the district court to hold an evidentiary hearing on the question. *Id*. at 550.

Like *Booth*, Arzola argues that he would have made an open plea rather than going to trial, in the hope of a reduced sentence for acceptance of responsibility. However, as discussed above, this claim is belied by Arzola's own admission that he would not allocate to the § 924(c) offense because he did not intentionally fire his gun at law enforcement officials. Thus, even if counsel had informed Arzola of the opportunity to make an open guilty plea, Arzola would not have so pled because he would not allocate as to shooting offense.

This Court finds no ineffective assistance of counsel on this claim based on Arzola's admitted and adamant refusal to allocute to the § 924(c) offense, which clearly undercuts his contention that he would have opted for an open guilty plea if it had been explained to him by counsel. Accordingly, Petitioner fails to demonstrate that he would have entered an open plea, let alone that his attorney unreasonably failed to inform him to enter into an open plea under the circumstances.

This Court's finding is reinforced by the Third Circuit's decision in *United States v. Gonzalez–Rivera*, 217 F. App'x 166 (3d Cir. 2007). In that case, the Third Circuit affirmed the district court's denial of a § 2255 petition for an evidentiary hearing where the petitioner had argued that his counsel was ineffective for failing to pursue a plea agreement. *Id*. at 168. The Third Circuit distinguished the case from *Booth* because the petitioner in *Gonzalez–Rivera* had maintained his innocence throughout the proceedings and was unwilling to plead guilty, unlike Booth, who had engaged in plea negotiations. *Id*. at 170. The Third Circuit found that Gonzalez–Rivera's "contention that he would have accepted a guilty plea is belied by the evidence below" and that, because Gonzalez–Rivera was unable to point to "any specific benefit that he would have received for his plea" the "alleged prejudice that he may have suffered as a result is far too speculative." *Id*. The court also noted that Gonzalez-Rivera's counsel actually had informed him of the option to plead guilty without cooperation, unlike Booth's counsel, who did not. *Id*.

District courts in this Circuit have followed *Gonzalez–Rivera* and denied evidentiary hearings when (1) the petitioner claimed his or her attorney never informed him or her about an open plea, (2) the petitioner maintained his or her innocence throughout the proceedings, and (3) the record belied the contention that the petitioner would have accepted a plea deal. *See Mines v.*

11

*U.S.*, Civ. No. 10-5163, 2013 WL 6187185, *5-6 (D.N.J. Nov. 26, 2013); *Hernandez v. U.S.*, Civ. No. 13-4943, 2013 WL 5331055, *4-5 (D.N.J. Sep. 23, 2013); *Donna v. United States*, Civ. No. 10–1607, 2011 WL 322636, at *7-8 (D.N.J. Jan. 31, 2011); *Darby v. United States*, Civ. No. 10–1437, 2010 WL 4387511, at *6-7 (D.N.J. Oct. 28, 2010); *United States v. Jackson*, Civ. No. 09–5255, 2010 WL 1688543, at *4 (E.D.Pa. Apr. 27, 2010).

This case is similarly distinguishable from *Booth* and analogous to *Gonzalez–Rivera*, and the other cases cited above. As emphasized above, Arzola admits that he was not willing to allocute to the § 924 (c) offense, which shows that he had no desire to plead guilty to all the charges in an open plea. Indeed, Arzola's assertion otherwise is patently unbelievable. Therefore, this Court concludes that Arzola has not demonstrated that he suffered prejudice under *Strickland*, and this claim must be denied as "far too speculative" given the record in this case. *See Gonzalez–Rivera*, 217 F. App'x at 170.

Moreover, Arzola cannot show prejudice even if counsel had failed to inform him about an open guilty plea. As the Government argues, if Arzola had entered an open plea to the Indictment, he would have been exposed to a statutory, mandatory minimum prison term of 480 months (20 years on the first, the 21 U.S.C. § 846 offense and 10 years consecutive for each § 924(c) offense). Instead, after trial, Arzola was convicted on only one of the possession and discharge of a firearm offenses (Count Four – possession of a firearm in connection with a crime of drug trafficking), exposing him to an enhanced sentence of 20 years on Count One and 10 years on Count Four. He ultimately was sentenced to 382 months in prison, far less than 480 months had he entered an open plea. Thus, Arzola cannot show that his sentence on an open plea would have been less severe than the sentence imposed after trial.

3. *Failure to Request an Acceptance of Responsibility Reduction at Sentencing.*

Arzola also argues that his counsel was ineffective because he failed to request a sentencing reduction for acceptance of responsibility under U.S. Sentencing Guidelines ("U.S.S.G.") § 3E1.1. Arzola contends that he never denied his guilt and indeed, Carlucci conceded in his opening statement at trial that Arzola was guilty of drug dealing and firing his weapon. Thus, these factors showed an acceptance of responsibility for his criminal conduct such that he should have been eligible for an adjustment at sentencing.

The commentary to U.S.S.G. § 3E1.1 states, "In determining whether a defendant qualifies under Subsection (a), appropriate considerations include, but are not limited to, the following: (A) Truthfully admitting the conduct comprising the offense of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under Section 1B1.3, relevant conduct.... A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies or frivolously contests relevant conduct that the Court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

Here, Arzola would not have qualified for a reduction for acceptance of responsibility because he never gave any testimony at any stage of his criminal proceedings where he truthfully admitted the relevant conduct. The Government also argues that remarks by Arzola's counsel during the opening statement do not constitute evidence under Section 1.08 of the Third Circuit Model Jury Instructions. Consequently, where Arzola never affirmatively admitted the relevant and essential factual elements of the offenses for which he was convicted, his Counsel cannot be

said to be deficient in failing to seek a sentencing reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

### 4. *Failure to Dispute Sentencing Enhancement Under 21 U.S.C. § 851(a).*

Arzola next argues that his counsel was ineffective because he failed to argue that Arzola's prior drug conviction for simple possession did not have an "intent" element to satisfy a sentencing enhancement under 21 U.S.C. § 851(a). Arzola states that he was convicted of N.J.S.A. 2C:35-10, which is clearly defined as simple possession with no intent to distribute. The Third Circuit has held that a controlled substance offense involving mere possession cannot serve as a predicate offense to establish a defendant's career offender status. *United States v. Hernandez*, 218 F.3d 272, 276 (3d Cir. 2000). Nevertheless, because of counsel's deficient performance in stipulating to the prior offense, Arzola argues he was subjected to a doubling of his mandatory minimum of 10 to 20 years.[4] (ECF No. 1-1, Pet. Mem. of Law at 8-9.)

Arzola was convicted of conspiring to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A)(ii) and 21 U.S.C. § 846. The penalties set forth under § 841(b)(1)(A)(ii) prescribe a sentencing enhancement from 10 years in prison to "not less than 20 years" imprisonment for any person who commits a violation under this statute "after a prior conviction for a felony drug offense has become final. 21 U.S.C. § 841(b)(1)A)(ii). Thus, for certain federal drug offenses, the Controlled Substance Act (CSA), 21 U.S.C. § 801, *et seq*., imposes a minimum term of ten years imprisonment. This minimum is doubled to 20 years for defendants previously convicted of a "felony drug offense." *Id.*; see also *Burgess v. United States*, 553 U.S. 124 (2008).

---

[4] This Court notes that, on direct appeal, Arzola argued that the Government had failed to establish the fact of a prior conviction for purposes of applying 21 U.S.C. § 841(b)(1)(A)(ii), which was summarily rejected by the Third Circuit. *See Arzola*, 361 F. App'x at 314, fn 4.

The CSA defines the term "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). More specifically, § 802(44) of the CSA defines the compound term "felony drug offense" to mean an offense involving specified drugs that is "punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country." The Supreme Court has held that § 841(b)(1)(A)'s provision for a 20-year mandatory minimum sentence is defined exclusively by § 802(44). *Burgess*, 533 U.S. at 126. The Supreme Court further held that a state drug offense punishable by more than one year qualifies as a "felony drug offense," even if state law classifies the offense as a misdemeanor. *Id*. at 126-27. Accordingly, these statutes plainly do not require the element of distribution or trafficking. *See United States v. Jones*, 559 F.3d 831, 837 (8th Cir. 2009). Therefore, this Court rejects Arzola's argument that his conviction for simple possession does not qualify as a "prior felony drug offense" and cannot be used to enhance his sentence pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851. Consequently, because this Court finds that Arzola's 1997 New Jersey state felony conviction for possession of a controlled dangerous substance qualifies as a "felony drug offense" for sentencing enhancement under §§ 841(b)(1)(A) and 851, Arzola's counsel was not ineffective for failing to challenge the state court conviction at sentencing. *See United States v. Dotson*, 513 F. App'x 221, 223-24 (3d Cir. 2013).

B. <u>Court Erred in Using Prior Drug Conviction for Sentencing Enhancement</u>

Arzola extends his argument to assert that this Court erred in using the 1997 New Jersey state court conviction for simple possession as a prior "felony drug offense" for sentencing enhancement purposes. (ECF No. 1-1, Pet. Mem. of Law at 9-10.) For the same reasons as set forth in the preceding section of this Opinion, this claim is categorically rejected.

C. <u>Claim Asserted in Proposed Amended Petition</u>

Finally, this Court addresses the claims raised by Arzola in his request to amend his petition. (ECF No. 12.) Arzola asserts that he was denied his Sixth Amendment right to a trial because this Court used an "element" of the offense not submitted to the jury for verdict to increase Arzola's mandatory minimums, in violation of *Alleyne v. United States*, 133 S.Ct. 2151.

In *Apprendi v. New Jersey*, the Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for an offense beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt. 530 U.S. 466, 490 (2000). Years later, in *Alleyne*, the Supreme Court held that any fact, other than a prior conviction, that increases the mandatory minimum sentence for a crime is an "element" of the crime that must, under the Sixth Amendment, be submitted to the jury and found beyond a reasonable doubt. 133 S.Ct. at 2155. Specifically, in *Alleyne*, the Supreme Court overruled its prior precedent, *Harris v. United States*, 536 U.S. 545 (2002), and clarified that, under the Sixth Amendment, "'any facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime" and must be found beyond a reasonable doubt. *Alleyne*, 133 S.Ct. at 2160 (quoting *Apprendi*, 530 U.S. at 490).

In this case, Arzola argues that this Court used Arzola's prior offense (the 1997 New Jersey state conviction for possession) to enhance his sentence under 21 U.S.C. § 851. As expressly stated in *Alleyne*, however, the fact of a prior conviction does not have to be presented to the jury to allow the enhancement of a mandatory minimum sentence. *Alleyne*, 133 S.Ct. at 2155. Consequently, there is no merit to this claim.

Arzola also contends that *Alleyne* precludes the enhancement of his sentence for discharge of a firearm in connection with a crime of drug trafficking under 18 U.S.C. §

16

924(c)(1)(A)(iii), when he was not charged in the indictment with discharging a firearm. He claims that discharging the firearm is an element of the offense that must be presented to the jury. (ECF No. 12, Amended Petition at 6.)

This Court finds no basis for Arzola's claim. Count Four of the Indictment expressly charged Arzola with possession of a firearm in furtherance of a drug trafficking crime on June 30, 2005, in which a firearm was discharged, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. Indeed, the jury convicted Arzola on this count, having heard evidence that Arzola discharged a firearm on June 30, 2005.

Moreover, the Third Circuit has recently held that, while *Alleyne* set out a new rule of law, it is not retroactively applicable to cases on collateral review. *United States v. Reyes*, --- F.3d ----, 2014 WL 2747216, *2 (3d Cir. Jun. 18, 2014); *see also United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014) (explicitly holding that the rule announced by the Supreme Court in *Alleyne* "cannot be applied retroactively to cases on collateral review"). Therefore, *Alleyne* does not provide Arzola with any basis for relief because the Supreme Court has not chosen to apply *Alleyne*'s new rule retroactively to cases on collateral review. *See id*.

Finally, Arzola argues that this Court, and not the jury, made a factual finding as to the amount of drugs, in violation of *Apprendi*. However, the Third Circuit has long recognized that *Apprendi* also does not apply retroactively to cases on collateral review, such as Arzola's § 2255 motion. See *Reyes*, 2014 WL 2747216 at *2.

Therefore, Arzola' amended petition is denied.

17

## CERTIFICATE OF APPEALABILITY

For the reasons discussed above, this Court denies a certificate of appealability because Petitioner has not demonstrated "a substantial showing of the denial of a constitutional right" as required under 28 U.S.C. § 2253(c)(2).  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## CONCLUSION

For the reasons set forth above, this Court DENIES Petitioner's Motion (ECF No. 1) and his amended motion (ECF No. 12), and DECLINES to issue a certificate of appealability.  An appropriate Order follows.


Dated: August 8, 2014      __*s/ Susan D. Wigenton*____
                                                   SUSAN D. WIGENTON
                                                   United State District Judge